IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01903-EWN-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

NANCY CASTANON and GEORGENE WAYNE,

    Plaintiffs-Intervenors,

v.

MORELAND AUTO GROUP, LLP; d/b/a Kids Automotive, Inc.;
KIDS FINANCIAL INC.; and
BRANDON FINANCIAL, INC.;

    Defendants.

_____

### ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER
_____

Defendants have filed a Motion for Protective Order [Docket #33], requesting that the blanket protective order, which all parties agree is appropriate, include an enforcement provision. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion for Protective Order.

Plaintiff Equal Employment Opportunity Commission and Intervenor Plaintiffs brought suit against Defendants for claims of sexual harassment, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, as amended. All parties agree that a blanket protective order should be entered in this case to protect the confidential information that will produced, including, but not limited to: employee personnel information such as wage and disciplinary records; financial information of the parties; proprietary business information; and medical information.

Defendants request that the following provision be included in the protective order, to remind

all parties of the consequences of violating the protective order:

> The parties recognize and agree that the violation of or failure to comply with this Protective Order by any person to which this Protective Order applies is considered a violation of an order of this Court. Such a violation may result in the imposition of sanctions, including a finding of contempt of court and/or an award of attorney's fees to the aggrieved party, and any such other and further relief as may be deemed appropriate by the Court.

Dock. #33, Exh. A, ¶ 9. Defendant believes that this cautionary paragraph is necessary because current employees will be witnesses in the case, and some current employees have continued contact with the Intervenor Plaintiffs.

Plaintiff EEOC argues that this paragraph is unnecessary, because it implies that the parties may otherwise violate the protective. Plaintiff EEOC takes issue with the need for such language, in part, because EEOC has never been accused of wrongfully using confidential information. Intervenor Plaintiffs filed no response.

As an initial matter, the Court notes that this paragraph is not intended to remind counsel in this case of their obligations to comply with Court orders. This admonition is self evident, and the Court does not believe that Defendants intended to imply that any attorney in this case would use the information improperly. Defendants state that their concern relates to current and former employees, and the recurring interaction of the same. Those not trained in the legal profession, while certainly aware that a Court order should not be disobeyed, may not be familiar with the consequences of such a violation, as allowed by Fed. R. Civ. P. 37(b). Although the paragraph is not required, the Court noted in *Garcia v. Dillon Co.*, No. 05-2339, 2006 U.S. Dist. LEXIS 88127, *6 (D. Colo. Dec. 5, 2006), that this paragraph simply states the authority already possessed by the Court to enforce its own orders. A protective order containing such a paragraph is not intended to impugn the good

character of any party, counsel, or witness, and this Court will not view it as such. Given the confidential information to be produced relating to current and former employees, the Court believes such a cautionary paragraph is appropriate to remind all participants in this case, particularly witnesses who may need limited access to confidential documents but are not represented by counsel, of the seriousness of this Order.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion for Protective Order [Filed March 9, 2007; Docket #33] is **granted**. The Court will enter the proposed protective order on the record, including paragraph nine.

Dated at Denver, Colorado, this 14th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge