IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01903-EWN-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

v.

MORELAND AUTO GROUP, LLP d/b/a
KIDS AUTOMOTIVE, INC.,
KIDS FINANCIAL INC., and
BRANDON FINANCIAL, INC.

        Defendants.

## SETTLEMENT AGREEMENT

1.    The Parties to this agreement are Plaintiff EEOC (hereinafter "Plaintiff" or "Commission"), Moreland Auto Group, LLP, and Defendants Kids Automotive, Inc., Kids Financial, Inc. and Brandon Financial, Inc. (hereinafter "Defendants").

2.    The Parties hereby release and waive all claims against each other related to or arising out of this litigation, except that any claims arising out of the termination of Lucille Fancher on or about June 3, 2008, are specifically excluded from this Agreement.

3.    In settlement of the EEOC's claims alleged in the above-captioned lawsuit, Defendants will pay the total sum of $70,000.

4.    Waiver of Commission Claims: The Commission agrees not to use any of the

1

charges of discrimination filed by Georgene Wayne and Nancy Castenon which formed the basis for the above-captioned lawsuit, above-referenced charges as the jurisdictional basis for filing a lawsuit against any of the Defendants. The Commission hereby waives all charges and allegations it has asserted against Defendants in this case.

5. Reserved Rights: The Commission, in accordance with its normal policy, reserves all rights to proceed with respect to matters not covered in this Agreement and to secure relief on behalf of aggrieved persons not covered by this Agreement. The Commission specifically reserves the right to proceed as to any charge of discrimination filed based on the termination of Lucille Fancher on or about June 3, 2008

6. Charges filed after March 21, 2008: The EEOC will not base EEOC litigation on any charges which: (a) allege sexual harassment, gender-based hostile work environment, or retaliation in violation of Title VII; (b) are filed after March 21, 2008; and (c) are based entirely on conduct which occurred prior to March 21, 2008. Such charges will otherwise be handled according to the EEOC's usual procedures.

7. In consideration for the payment received under this agreement, each of the following individuals will execute a separate Individual Confidential Settlement Agreement and Release ("Individual Release") in a form agreed to by the parties: Amanda Kortje, Mitsy Mohr, Linda Folks, Karen Holte, Lucille Fancher, and Cheryl Brooks.

8. Within five days after the Court approves this Agreement, EEOC will mail to each claimant the following materials: (a) the Individual Release; (b) a check from

Defendants in the amount of $250 payable to the Claimant; (c) a cover letter from the EEOC explaining the process to accept and the deadline for returning the signed release; and (d) a return envelope addressed to the EEOC. Claimants may accept the settlement offer by signing the Individual Release and returning it to the EEOC by the agreed deadline.

9. The deadline for returning the Individual Confidential Settlement Agreement and Release will be twenty (21) calendar days after the date of the cover letter.

10. The next business day after the deadline for returning the Individual Release, EEOC will send the Defendants the original releases, by hand delivery or overnight delivery service, and will notify Defendants by email or fax of the names of the claimants who have returned the Individual Release. If all six claimants have returned signed releases before the deadline, notice under this paragraph may be given as soon as all six releases are received.

11. The settlement fund will be distributed among the claimants who timely sign and return the Individual Confidential Settlement Agreement and Release, according to the schedule agreed between the parties. Settlement checks will be mailed to the Claimants, within ten (10) calendar days of the deadline set for returning the Individual Confidential Settlement Agreement and Release.

12. The foregoing payments are designated as compensatory damages, for which Defendants will issue Form 1099s.

13. Plaintiff hereby certifies that the individuals listed in Paragraph 7 Attachment A are the only individuals for whom Plaintiff seeks relief in this action.

14. The Parties agree that the claims of former Intervener Plaintiffs Castanon and Wayne have been settled separately, with the advice of their counsel and under terms agreeable to them.

15. Defendants agree that they are enjoined from engaging in any employment practice which discriminates on the basis of gender or retaliates against individuals who make claims of discrimination.

16. Defendants shall continue to maintain a policy proscribing discrimination or retaliation based on gender or pregnancy. This provision shall not be construed to mean the EEOC has reviewed, approved of, or accepted the validity or sufficiency of Defendants' policies, or otherwise waived any right or obligation to investigate and/or litigate any alleged adverse effects of said policies upon equal employment opportunities.

17. Defendants shall provide annual training to employees on what constitutes employment discrimination. Non-managerial employees will attend two and one-half (2.5) hours of training per year, and managerial employees will attend four hours of training per year. New employees will complete at least one hour of the requisite training, within ten days of being hired. HR employees will receive at least ten (10) hours of training annually. Such training must be conducted by a third-party vendor, but may be an on-line or video, DVD, or CD presentation, purchased from a third-party vendor.

18. The term of this Agreement is three (3) years.

19. Each party will pay its own costs and attorneys fees.

APPROVED: August 22, 2008

                              BY THE COURT:

                              <u>s/ Edward W. Nottingham</u>
                              Edward J. Nottingham
                              Chief United States District Judge